UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT H. SPAHR,<br><br>        Plaintiff,<br><br>vs.<br><br>JORDAN ANDERSON, et. al.<br><br>        Defendants. | 3:12-cv-00209-LRH-WGC<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Larry R. Hicks, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Plaintiff's Motion to File First Amended Complaint With or Without Leave. (Doc. # 28.)[1] Defendants oppose the motion. (Doc. # 29.)

After a thorough review, the court recommends that Plaintiff's motion be denied.

## I. BACKGROUND

Plaintiff Robert H. Spahr, a pro se litigant, is a prisoner in the custody of the Nevada Department of Corrections (NDOC), and brings this action pursuant to 42 U.S.C. § 1983. (Pl.'s Compl. (Doc. # 4).) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*) Currently, defendants are Jordan Anderson, Marc Allan, and Christopher D. Hall. (*Id.*, Screening Order (Doc. # 3).)

On screening, the court determined that Plaintiff states a colorable claim for excessive

---

[1] Refers to court's docket number.

force under the Eighth Amendment against defendants Allan, Anderson and Hall. (Doc. # 3 at 5.) Plaintiff alleged that while escorting him back to his cell in handcuffs and leg irons, defendants trainee officers Marc Allan and Jordan Anderson slammed him to the ground without provocation. He claims they jumped on his back, put extreme pressure on his back and neck with their knees and bent his wrists against the handcuffs, causing excruciating pain due to a preexisting injury. Plaintiff contends that he called out for help to defendant Senior Officer Hall, but he refused to intervene. Defendants Anderson and Allan continued to restrain Plaintiff and inflict this pain for twenty minutes.

Plaintiff's complaint also included allegations that Peck, Brooks and Baker denied his grievances about this incident and his appeal of the disciplinary sanctions even though they had notice through employees' written and verbal reports that Allan and Anderson had used excessive force against plaintiff. (*Id.*) The court concluded Plaintiff did not state a supervisory liability claim for excessive force against these defendants, but did imply (while not specifically alleging) that Peck, Brooks and Baker knew Plaintiff was found guilty of disciplinary violations based on no evidence, yet denied his appeal of disciplinary sanctions entered against him. (*Id.* at 7-8.) Therefore, the court advised Plaintiff that if he seeks to allege that his disciplinary proceedings stemming from the incident of alleged excessive force violated his due process rights, he had leave to file an amended complaint. (*Id.* at 8-9.)

Plaintiff was instructed that if he proceeded with filing an amended complaint, he was to specifically identify each defendant to the best of his ability, and clarify what constitutional right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions. (*Id.* at 9.) Any amended complaint was to be filed on or before **June 11, 2012**. (*Id.* at 10.) He was cautioned that if he did not timely file an amended complaint, the case would proceed as otherwise set forth in the screening order. (*Id.*)

On June 22, 2012, Plaintiff sent a letter to the court asking about the status of his case. (Doc. # 6.) The court issued a minute order notifying Plaintiff that he would be notified as soon as any action is taken in his case. (Doc. # 7.) On September 13, 2012, the court issued a

2

1 subsequent order stating that Plaintiff's letter (Doc. # 6) suggested that he may not have
2 received the court's screening order, and directed the Clerk to re-send the screening order to
3 Plaintiff at his address of record, and gave Plaintiff an additional thirty days, up to and
4 including October 13, 2012 to file an amended complaint. (Doc. # 8.) Plaintiff was again
5 cautioned that failure to timely file an amended complaint would result in the case proceeding
6 as set forth in the screening order. (*Id.*)

7 On November 7, 2012, nearly a month after the expiration of the time period given for
8 Plaintiff to file an amended complaint, the court issued an order noting that Plaintiff had not
9 file an amended complaint despite being given additional time to do so; therefore, the court
10 ordered that the case would proceed as set forth in the screening order. (Doc. # 9.) A ninety-day
11 stay was entered to allow the parties to participate in settlement negotiations. (*Id.*)

12 After expiration of the stay, the Attorney General's Office entered a notice of acceptance
13 of service on behalf of defendants Anderson, Allan and Hall. (Doc. # 18.) On April 19, 2013,
14 Plaintiff filed a request for an emergency restraining order. (Doc. # 21.) The court set a hearing
15 on Plaintiff's motion for April 25, 2013. (*See* minutes at Doc. # 22.) Plaintiff requested that the
16 court intervene in a transfer back to ESP, and sought a transfer to an institution other than ESP
17 or to remain at Lovelock Correctional Center (LCC). (*See* Doc. # 21, minutes of hearing at Doc.
18 # 26.)

19 Defendants filed their answer on May 6, 2013. (Doc. # 23.) The court entered a discovery
20 plan and scheduling order on the same date. (Doc. # 25.) Pursuant to the terms of the discovery
21 plan and scheduling order, any motion to amend a pleading had to be filed on or before July 7,
22 2013. (*Id.*) Plaintiff filed the instant motion for leave to amend and proposed amended
23 complaint on June 10, 2013. (Doc. # 28.)

24 **II. LEGAL STANDARD**

25 Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend its pleading
26 once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to
27 which a responsive pleading is required, 21 days after service of a responsive pleading or 21
28

3

days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Otherwise, a party must seek leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2).

While the court should freely give leave to amend when justice requires, leave need not be granted where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted). Thus, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

### III. ANALYSIS

Plaintiff argues that he should be permitted leave to amend due to his ignorance of the law and the fact that he is not represented by counsel; however, the court specifically notified Plaintiff (for the second time) that if he did not file an amended complaint on or before October 13, 2012, the complaint would proceed as set forth in the screening order. (*See* Doc. # 8.) That order was issued on September 13, 2012. (*Id.*) Despite the court's clear language, which requires no legal training to interpret, Plaintiff waited until June 10, 2013, to seek leave to amend, giving no credible explanation for his failure to file an amended complaint addressing the deficiencies pointed out in the screening order. While Plaintiff's motion is technically timely in terms of the deadlines set forth in the scheduling order, he did not timely file an amended complaint when he was given leave to do so to correct the deficiencies outlined in the screening order regarding a potential due process claim.

In addition, the court concludes that amendment would be futile. The proposed amended complaint identifies the same defendants as are currently named in Plaintiff's original complaint (Anderson, Allan and Hall), and merely reiterates the Eighth Amendment excessive force allegations that are asserted against these defendants in the original complaint. Plaintiff's proposed amended complaint contains various labels for his allegations, and like the original complaint, unnecessarily includes reference to a supervisory liability claim against defendant Hall. The court dismissed the notion of supervisory liability with respect to Plaintiff's

allegations in the original screening order, finding that Plaintiff states a colorable excessive force claim against defendant Hall based on his alleged direct involvement in the claimed constitutional violation. Plaintiff does not seek to add any claims or defendants by way of his proposed amended complaint. Accordingly, his motion for leave to amend should be denied.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **DENYING** Plaintiff's motion for leave to amend (Doc. # 28).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: August 15, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE