**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT H. SPAHR, | 3:12-cv-00209-LRH-WGC |
| Plaintiff, | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| vs. | |
| JORDAN ANDERSON, et. al. | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Plaintiff's Request for Emergency Restraining Order. (Doc. # 21.) After thoroughly reviewing Plaintiff's request, and holding a hearing where argument was presented by the parties concerning Plaintiff's request (*see* minutes at Doc. # 26), the court recommends that Plaintiff's request be denied.

## I. BACKGROUND

Plaintiff Robert H. Spahr, a pro se litigant, is a prisoner in the custody of the Nevada Department of Corrections (NDOC), and brings this action pursuant to 42 U.S.C. § 1983. (Pl.'s Compl. (Doc. # 4).) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP). (*Id*.) Currently, defendants are Jordan Anderson, Marc Allen, and Christopher D. Hall. (*Id*., Screening Order (Doc. # 3).)

On screening, the court determined that Plaintiff states a colorable claim for excessive force under the Eighth Amendment against defendants Allen, Anderson and Hall. (Doc. # 3 at

5.) Plaintiff alleged that while escorting him back to his cell in handcuffs and leg irons, defendants trainee officers Marc Allen and Jordan Anderson slammed him to the ground without provocation. He claims they jumped on his back, put extreme pressure on his back and neck with their knees and bent his wrists against the handcuffs, causing excruciating pain due to a preexisting injury. Plaintiff contends that he called out for help to defendant Senior Officer Hall, but he refused to intervene. Defendants Anderson and Allen continued to restrain Plaintiff and inflict this pain for twenty minutes.

On April 19, 2013, Plaintiff filed the instant Request for Emergency Restraining Order. (Doc. # 21.) Plaintiff states that he was then housed at Lovelock Correctional Center (LCC), and was told that he would be moved to Ely State Prison (ESP). (*Id.* at 2.) Plaintiff claims that defendants Anderson, Allen and Hall work at ESP, and he fears that a transfer to ESP will put his life in danger. (*Id.*) He requests that the court enter an order that he be permitted to remain at LCC or an NDOC facility other than ESP. (*Id.* at 3.)

The court set a hearing on Plaintiff's motion for April 25, 2013. (*See* minutes at Doc. # 22.) The court heard argument at the April 25, 2013 hearing, and issues the instant Report and Recommendation concerning Plaintiff's request.

## II. LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the

2

following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).

Before *Winter*, courts in the Ninth Circuit applied an alternative "sliding-scale" test for issuing a preliminary injunction that allowed the movant to offset the weakness of a showing on one factor with the strength of another. *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In *Winter*, the Supreme Court did not directly address the continued validity of the Ninth Circuit's sliding-scale approach to preliminary injunctions. *See Winter*, 555 U.S. at 51 (Ginsburg, J., dissenting: "[C]ourts have evaluated claims for equitable relief on a 'sliding scale,' sometimes awarding relief based on a lower likelihood of harm when the likelihood of success is very high…This Court has never rejected that formulation, and I do not believe it does so today."); *see also Alliance*, 632 F.3d at 1131. Instead, the portion of the sliding-scale test that allowed injunctive relief upon the possibility, as opposed to likelihood, of irreparable injury to the plaintiff, was expressly overruled by *Winter*. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). The Ninth Circuit has since found that post-*Winter*, this circuit's sliding-scale approach, or "serious questions" test "survives…when applied as part of the four-element *Winter* test." *Alliance*, 632 F.3d at 1131-32. "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.*

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought. The Ninth Circuit has noted that although the same general principles inform the court's analysis, "[w]here a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984) (citation omitted). Thus, an award of mandatory preliminary relief is not to be granted unless both the facts and the law clearly favor the moving party and

3

extreme or very serious damage will result. *See Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979) (citations omitted). "[I]n doubtful cases" a mandatory injunction will not issue. *Id*.

Finally, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)...operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id*. at 999.

The standard for issuing a temporary restraining order is identical to the standard for preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Moreover, it is appropriate to treat a non-ex parte motion for a temporary restraining order and preliminary injunction as a motion for a preliminary injunction. *See* 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2951 (2d ed. 2007) ("When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for a preliminary injunction and the proceeding is not subject to any special requirements.").

### III. ANALYSIS

At the hearing (in which LCC Warden Robert LeGrande was a participant), the court

4

asked Plaintiff to elaborate on his concerns regarding a potential transfer to ESP, wherein he reiterated his concern about coming into contact with the Defendants. (*See* minutes at Doc. # 26.) Deputy Attorney General Quinn informed the court that defendant Allen is no longer employed by ESP, and defendant Anderson was assigned to LCC. (*Id.*) Defendant Hall was still working at ESP, but it was represented to the court that defendant Hall is a senior officer and was not physically involved in the alleged assault on Plaintiff. (*Id.*) The court inquired of Warden LeGrand concerning institutional policies on retaliation and he explained that correctional officers are aware of an inmate's right to file grievances and that no form of retaliation is acceptable. The court expressed its concern regarding Plaintiff's assertion that he may be in danger if he were to be transferred to ESP, but acknowledged that Plaintiff's assertions were vague and not well supported by any evidence, concluding that court intervention was not warranted.

In order to be granted a preliminary injunction, Plaintiff must show he is likely to succeed on the merits of a claim that would entitle him to the equitable remedy he seeks. *Winter*, 555 U.S. at 20. Here, Plaintiff has not addressed this element of his request for injunctive relief. The court points out that a prisoner does not have a right to be placed in a particular facility within the State's prison system. Nor is the court permitted to second-guess the prison's decisions regarding a prisoner's classification to a particular facility. *See Meachum v. Fano*, 427 U.S. 215, 223-24 (1976).

In addition, Plaintiff must demonstrate that irreparable injury is likely in the absence of an injunction. *Winter*, 555 U.S. at 20. "[A] preliminary injunction will not be issued simply to prevent the possibility of some remote future injury." *Id.* at 22 (citations omitted). While Plaintiff has asserted generally that he fears he will be in danger at ESP, he provided no specific facts to support this claim. Moreover, representations were made at the hearing that two of the defendants are not even stationed at ESP, and the third, defendant Hall, was not the alleged aggressor in Plaintiff's complaint. Accordingly, the court cannot conclude that Plaintiff has demonstrated irreparable injury is likely in the absence of an order precluding his transfer to

5

ESP.

Finally, a party seeking injunctive relief "must establish…that the balance of equities tips in his favor." *Winter*, 555 U.S. at 20. Moreover, "[i]n exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555 U.S. at 24 (quotation marks and citation omitted). Plaintiff's request fails to address either of these factors. The information presented to the court does not support a conclusion that the issuance of a temporary restraining order would be in the public interest. Nor is the court convinced the balance of equities tips in Plaintiff's favor.

In sum, with the prerequisites for injunctive relief not having been met, Plaintiff's request for injunctive relief should be denied.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **DENYING** Plaintiff's Request for Emergency Restraining Order (Doc. # 21).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt.  These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: August 15, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE