UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT H. SPAHR,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JORDAN ANDERSON, et. al.<br><br>　　　　Defendants. | 3:12-cv-00209-LRH-WGC<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Larry R. Hicks, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Defendants' Motion for Summary Judgment. (Doc. # 43)[1] Plaintiff filed an opposition. (Doc. # 46.) No reply brief was filed.

After a thorough review, the court recommends that Defendants' motion be granted.

## I. BACKGROUND

Plaintiff Robert H. Spahr, a pro se litigant, is a prisoner in the custody of the Nevada Department of Corrections (NDOC), and brings this action pursuant to 42 U.S.C. § 1983. (Pl.'s Compl. (Doc. # 4).) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*) Defendants are Jordan Anderson, Marc Allan, and Christopher D. Hall. (*Id.*; Screening Order, Doc. # 3.)

On screening, the court determined that Plaintiff states a colorable claim for excessive

---

[1] Refers to court's docket number.

force under the Eighth Amendment against defendants Allan, Anderson and Hall. (Doc. # 3 at 5.) Plaintiff alleges that while escorting him back to his cell in handcuffs and leg irons, defendants trainee officers Marc Allan and Jordan Anderson slammed him to the ground without provocation. He claims they jumped on his back, put extreme pressure on his back and neck with their knees and bent his wrists against the handcuffs, causing excruciating pain due to a preexisting injury. Plaintiff contends that he called out for help to defendant Senior Officer Hall, but he refused to intervene. Defendants Anderson and Allan continued to restrain Plaintiff and inflict this pain for twenty minutes.

Defendants move for summary judgment arguing that the force applied to Plaintiff was necessary and reasonable, in a good faith effort to restore discipline, and not maliciously and sadistically to cause harm.

## II. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). All reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* (quoting Fed.R.Civ.P. 56(c)).[2] Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250.

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact.

---

[2] Federal Rule of Civil Procedure 56 was amended in 2010 to state: "The court shall grant summary judgment if the movant shows that there is no genuine *dispute* as to any material fact and the movant is entitled to judgment as a matter of law." (Emphasis added.) The analysis under the cases cited, however, remains the same.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Although the parties may submit evidence in an inadmissible form, only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. Fed.R.Civ.P. 56(c).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *See Anderson*, 477 U.S. at 248-250. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id.* at 248.

In determining summary judgment, a court applies a burden shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'[ ] In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 323-25. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute,

1 the opposing party need not establish a material issue of fact conclusively in its favor. It is
2 sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the
3 parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*
4 *Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)(quotation marks and citation omitted). The
5 nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations
6 that are unsupported by factual data. *Id.* Instead, the opposition must go beyond the assertions
7 and allegations of the pleadings and set forth specific facts by producing competent evidence
8 that shows a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324.

9       At summary judgment, a court's function is not to weigh the evidence and determine the
10 truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.
11 While the evidence of the nonmovant is "to be believed, and all justifiable inferences are to be
12 drawn in its favor," if the evidence of the nonmoving party is merely colorable or is not
13 significantly probative, summary judgment may be granted. *Id.* at 249-50, 255 (citations
14 omitted).

### III. DISCUSSION

**A. Legal Standard-Excessive Force**

17       The Eighth Amendment prohibits the imposition of cruel and unusual punishment. U.S.
18 Const. amend. VIII. It "embodies broad and idealistic concepts of dignity, civilized standards,
19 humanity, and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (citation and internal
20 quotations omitted). The "unnecessary and wanton infliction of pain...constitutes cruel and
21 unusual punishment forbidden by the Eighth Amendment." *Id.* (quoting *Whitley v. Albers*,
22 475 U.S. 312, 319 (1986)).

23       "[W]henever prison officials stand accused of using excessive physical force in violation
24 of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-
25 faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."
26 *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *see also Whitley*, 475 U.S. at 320-21; *Watts v.*
27 *McKinney*, 394 F.3d 710, 711 (9th Cir. 2005); *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th

1  Cir. 2003). "When prison officials maliciously and sadistically use force to cause harm,
2  contemporary standards of decency are always violated." *Hudson*, 503 U.S. at 9 (citing *Whitley*,
3  475 U.S. at 327).

4      In determining whether the use of force is excessive, courts are instructed to examine
5  "the extent of the injury suffered by an inmate[;]" "the need for application of force, the
6  relationship between that need and the amount of force used, the threat 'reasonably perceived
7  by the responsible officials,' and 'any efforts made to temper the severity of the forceful
8  response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321).

9      An inmate need not establish serious injury; however, the lack of serious injury is
10 relevant to the Eighth Amendment inquiry. *See Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178 (2010).
11 "The extent of injury may also provide some indication of the amount of force applied." *Id*.

12     That being said, not "every malevolent touch by a prison guard gives rise to a federal
13 cause of action...The Eighth Amendment's prohibition of 'cruel and unusual' punishments
14 necessarily excludes from constitutional recognition *de minimis* uses of physical force,
15 provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"
16 *Hudson*, 503 U.S. at 9-10 (quoting *Whitley*, 475 U.S. at 327); *see also Wilkins*, 130 S.Ct. 1178
17 ("An inmate who complains of a 'push or shove' that causes no discernible injury almost
18 certainly fails to state a valid excessive force claim." (citing *Hudson*, 503 U.S. at 9)). "Injury
19 and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.
20 An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive
21 force claim merely because he has the good fortune to escape without serious injury." *Wilkins*,
22 130 S.Ct. at 1178-79. If the nature of the injuries is more than *de minimis*, but still "relatively
23 modest," the inmate's damages will likely be limited. *See id*. at 1180.

24     Courts must be deferential when reviewing the necessity of using force. *See Whitley*, 475
25 U.S. at 321-22; *see also Norwood v. Vance*, 591 F.3d 1062, 1067 (9th Cir. 2009), *cert. denied*,
26 131 S.Ct. 1465 (Feb. 22, 2011) ("Prison officials are entitled to deference whether a prisoner
27 challenges excessive force or conditions of confinement." (citing *Whitley*, 475 U.S. at 322)).

28     5

**B. Analysis**

Defendants contend that on July 31, 2011, defendants Anderson and Allan went to the shower in Plaintiff's housing unit to escort Plaintiff back to his cell. (Doc. # 43 at 2; Hall Decl., Doc. # 43 at 9 ¶¶ 2-3; Anderson Decl., Doc. # 43 at 12 ¶ 2; Allan Decl., Doc. # 43 at 15 ¶ 2.) Defendant Anderson instructed Plaintiff to turn around and back out of the shower so that they could confirm his hands were securely restrained. (Doc. # 43 at 2; Hall Decl., Doc. # 43 at 9 ¶¶ 4-5; Anderson Decl., Doc. # 43 at 12 ¶¶ 3-4; Allan Decl., Doc. # 43 at 15 ¶¶ 3-4.) In response, Plaintiff became confrontational and combative, using vulgar profanities which emphasized his refusal to comply. (Doc. # 43 at 2; Hall Decl., Doc. # 43 at 9 ¶ 6; Anderson Decl., Doc. # 43 at 12 ¶ 5; Allan Decl., Doc. # 43 at 15 ¶ 5.) Defendant Anderson repeated requests for Plaintiff to demonstrate that his hands were properly secured, and Plaintiff continued to be confrontational and combative, indicating that the officers had no control over him. (Doc. # 43 at 2; Hall Decl., Doc. # 43 at 9 ¶ 7; Anderson Decl., Doc. # 43 at 12 ¶ 6; Allan Decl., Doc. # 43 at 15 ¶ 6.)

Plaintiff then suddenly lowered his head and lunged at defendant Anderson, either threatening to head-butt him in the face or head or attempting to head-butt him in the face or head. (Doc. # 43 at 3; Hall Decl., Doc. # 43 at 9 ¶ 7; Anderson Decl., Doc. # 43 at 12 ¶ 6; Allan Decl., Doc. # 43 at 15 ¶ 6.) Defendant Anderson then commanded Plaintiff to get on the ground and he refused to comply. (Doc. # 43 at 3; Hall Decl., Doc. # 43 at 9 ¶ 8; Anderson Decl., Doc. # 43 at 12 ¶ 7; Allan Decl., Doc. # 43 at 15 ¶ 7.) As a result, defendant Anderson used his hands on Plaintiff's shoulder and arm areas to press Plaintiff to the ground, and Plaintiff resisted, and defendant Allan helped him subdue Plaintiff and get him to the ground. (Doc. # 43 at 3; Hall Decl., Doc. # 43 at 9 ¶ 8; Anderson Decl., Doc. # 43 at 12-13 ¶ 7; Allan Decl., Doc. # 43 at 15 ¶ 7.)

Defendant Hall contacted Shift Commander Kirchen, and advised him of what happened. (Doc. # 43 at 3; Hall Decl. at 10 ¶ 9.) Shift Commander Kirchen and a C.E.R.T. team responded and relieved defendants Anderson and Allan of their control of Plaintiff. (Doc. # 43

6

at 3, Hall Decl. at 10 ¶ 9; Anderson Decl. at 13 ¶ 9; Allan Decl. at 15 ¶ 8.)

Defendants maintain that they did not use any type of weapon in gaining Plaintiff's compliance, but only that amount of hands-on force that was reasonably necessary to subdue and restrain him in response to his refusal to cooperate and physical advance against defendant Anderson. (Doc. # 43 at 3; Hall Decl. at 10 ¶ 10; Anderson Decl. at 13 ¶ 9; Allan Decl. at 15-16 ¶ 9.)

When the C.E.R.T. team took over, Plaintiff continued to resist, requiring the C.E.R.T. team members to lift and carry Plaintiff. (Doc. # 43 at 3; Hall Decl. at 10 ¶ 12; Anderson Decl. at 13 ¶ 9; Allan Decl. at 16 ¶ 11.)

Plaintiff did not suffer from any physical injury as a result of the incident. (Doc. # 43 at 3; Hall Decl. at 10 ¶ 13; Anderson Decl. at 13 ¶ 12; Allan Decl. at 15 ¶ 12.) According to Defendants, the force used was reasonable, and was applied not for the purpose of inflicting pain but to overcome resistance and obtain compliance to restrain an inmate who had engaged in threatening behavior. (Doc. # 43 at 3; Hall Decl. at 10 ¶ 11; Anderson Decl. at 13 ¶ 10; Allan Decl. at 15 ¶ 10.) Defendant Hall maintains that he did not have any physical contact with Plaintiff, and did not intervene because he did not observe any conduct by defendants Anderson or Allan that was improper. (Hall Decl., Doc. # 43 at 10 ¶ 15.)

Plaintiff filed a one-page opposition to Defendants' motion. (Doc. # 46.) In that document, he states that in documentation regarding the incident that he provided to the court, the defendants did not say that Plaintiff lowered his head and lunged at defendant Anderson. (*Id*.) For this reason, Plaintiff contends the case should go to a jury. (*Id*.)

First, Plaintiff does not contend that he did not lower his head and lunge at defendant Anderson, only that is not contained in some other statements made by the defendants about the incident.

Second, a review of the documentation Plaintiff submitted with his complaint reveals that Plaintiff's position is not accurate. A review of defendant Anderson's notice of charges and report of violation indicates that Defendants' version of events is consistent with defendant

7

1 Anderson's previous statement. Defendant Anderson stated:

> While escorting inmate Spahr back to his cell I clearly instructed the inmate to face forward. After instructing the inmate to face forward three times he turned his head aggressively towards my face and said "fuck you" to me. I perceived this as a threat and instantly secured the inmate by his right arm and lowered him to the floor. Once on the floor the inmate continued to disobey orders by trying to get back up. The inmate was held down using the minimum amount of force necessary until responding officers arrived. I was relieved by CERT C/O Dennis Homan on SGT Kirchen's order.

(Doc. # 4 at 13.)

While defendant Anderson may not have used the same language used in the motion, he clearly stated in the notice of charges that Plaintiff refused to turn around, and then turned his head aggressively towards his face, which defendant Anderson perceived as a threat. This is consistent with the statement in support of the motion that he thought Plaintiff was trying to head-butt him.

The court concludes that Defendants are entitled to summary judgment. Defendants have adequately identified the need for the application of force as Plaintiff's refusal to follow their commands to turn around so they could confirm whether he was restrained and then his aggressive movement toward defendant Anderson and failure to go to the ground. Plaintiff has provided no evidence to dispute that set forth by Defendants.

Next, the evidence provided by Defendants suggests that there was a reasonable relationship between the need to apply force and the amount of force used. Defendants Anderson and Allan claim they used only that amount of force necessary to subdue Plaintiff to the ground, and used only hands-on force to bring Plaintiff to the ground after he refused their commands. Plaintiff provides no evidence to the contrary.

As discussed above, Defendants maintain that Plaintiff presented a threat when he moved his head aggressively toward defendant Anderson, which was interpreted as an attempt to head-butt defendant Anderson. While Plaintiff takes issue with whether Defendants ever previously said that Plaintiff lunged toward defendant Anderson, he does not actually dispute that he moved his head aggressively toward defendant Anderson. Moreover, defendant Anderson's account of the incident in the notice of charges is consistent with his statement

8

made in support of the motion for summary judgment. Plaintiff provides no evidence to refute the threat defendant Anderson perceived.

The court now considers any efforts to temper the severity of the response. Defendants repeatedly asked Plaintiff to comply with their orders to turn around, and this was met with profanity and an outright refusal to comply. Plaintiff provides no evidence to dispute this fact.

Finally, the court notes that Defendants provide evidence that Plaintiff was not injured as a result of this incident, and Plaintiff provides no evidence to rebut this fact.

In conclusion, the court finds that the evidence in the record suggests that the use of force was reasonable under the circumstances and was applied in a good faith effort to restore discipline and not in a malicious or sadistic manner to inflict harm upon Plaintiff. Plaintiff has failed to raise a genuine dispute as to any material fact. Therefore, Defendants' motion for summary judgment should be granted.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING** Defendants' motion for summary judgment (Doc. # 43).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: February 28, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

9